UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KENDRA MICHAELA M., <br><br>    Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>    Defendant. | Case No.: 1:24-cv-00149-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiff Kendra Michaela M.'s "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" (Dkt. 1), appealing the Social Security Administration's denial of her disability claim. This action is brought pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

In a determination dated August 24, 2012, Plaintiff was found disabled beginning on July 18, 2012. After a periodic review, Plaintiff's disability was subsequently determined to have continued in a determination dated March 4, 2014. After another periodic review on July 23, 2021, it was determined that Plaintiff was no longer disabled as of July 23, 2021. This determination was upheld upon reconsideration after a disability hearing dated October 14, 2021. Thereafter, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On November 8, 2022, ALJ David Willis held a video hearing, at which time Plaintiff, appearing *pro se*, testified. Robin Pyle, an impartial vocational expert, also appeared and testified at the same hearing.

**MEMORANDUM DECISION AND ORDER - 1**

On February 15, 2023, the ALJ issued a decision denying Plaintiff's claim, finding that her disability ended on July 23, 2021, and she had not become disabled again since that date. Plaintiff timely requested review from the Appeals Council. On January 16, 2024, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Plaintiff brings this case – again *pro se*. She contends that the ALJ's decision is not supported by substantial evidence, stating generally:

> Factual Findings have a tendency to contradict each other, e.g., [part] 7 and [part] 8, stressors of family [were] not taken into consideration due to my mental illness. [According to part 15], claims disability ended but my mental health is not curable – especially the autism spectrum.

Compl. at 3 (Dkt. 1). Plaintiff requests that the Court either reverse the ALJ's decision and find that she is entitled to benefits, or remand the case for further proceedings. *Id*. at 3-4.

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

**MEMORANDUM DECISION AND ORDER - 2**

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. **DISCUSSION**

A.  **Sequential Process**

The Commissioner has established a multi-step sequential evaluation process for determining whether a person's disability has ended. 20 C.F.R. §§ 404.1594(f), 416.994(b)(5). This multi-step continuing disability review process is similar to the five-step sequential evaluation process used to evaluate initial claims, with additional attention to whether there has been medical improvement. *Compare* 20 C.F.R. §§ 404.1520, 416.920, *with* 20 C.F.R. §§ 404.1594(f), 416.994(b)(5). A claimant is disabled only if her impairment is "of such severity that [s]he is not only unable to do her previous work[,] but cannot, considering h[er] age,

**MEMORANDUM DECISION AND ORDER - 3**

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Determination of whether a person's eligibility has ended for disability benefits involves an eight-step process under Title II, and a seven-step process under Title XVI. 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii). The processes are the same, except that the Title II process addresses substantial gainful activity at the outset (*see infra*); the Title XVI process does not. These otherwise identical steps, and the ALJ's handling of each of them, are broadly summarized below.

The first step asks whether the claimant is engaging in substantial gainful activity. If the claimant is performing substantial gainful activity and any applicable trial work period has been completed, the claimant is no longer disabled. 20 C.F.R. § 404.1594 (f)(1). Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity, and proceeded to step two. AR 41.

The second step asks whether the claimant has an impairment or combination of impairments that meet or equal the severity of listed impairments set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant does, she is still disabled. 20 C.F.R. §§ 404.1594(f)(2), 416.994(b)(5)(i). Here, the ALJ found that Plaintiff had the following medically determinable impairments since July 23, 2021: "anxiety, depression, right wrist pain, and a right shoulder injury." AR 42 ("These are claimant's current impairments."). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments which met or medically equaled the severity of a qualifying, listed impairment. AR 42-44.

The third step addresses whether there has been medical improvement in the claimant's condition. 20 C.F.R. §§ 404.1594(f)(3), 416.994(b)(5)(ii). Medical improvement is defined as any decrease in the medical severity of the claimant's impairments which were present at the

**MEMORANDUM DECISION AND ORDER - 4**

time of the most recent favorable medical decision. 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). The determination that there has been a decrease in medical severity must be based on improvements in symptoms, signs, and/or laboratory findings associated with the claimant's impairments. *Id*. If medical improvement has occurred, the analysis proceeds to the fourth step. If no medical improvement has occurred, the analysis proceeds to the fifth step. Here, the ALJ determined that, by July 23, 2021, there had been a decrease in medical severity of the impairments present at the time of the comparison point decision ("CPD") – the date of the most recent favorable medical decision (March 4, 2014). AR 41 (ALJ noting that, at the time of the CPD, Plaintiff had only the following medically determinable impairments: anxiety and depression); *see also* AR 44-45 (ALJ finding that (i) "despite the claimant's anxiety and depression symptoms, the majority of mental status examinations found the claimant alert and oriented with a normal mood, a normal affect, a grossly intact memory, fair to appropriate insight, appropriate judgment, a normal attention span, normal concentration, and a linear thought process"; (ii) "the claimant was able to engage in a broad range of activities of daily living during the relevant period"; and therefore (iii) "the combination of normal mental status examination findings as well as the claimant's activities of daily living supports the claimant's CPD impairment symptoms decreased.").

If there has been medical improvement at step three, the fourth step considers whether such improvement is related to the claimant's ability to perform work. 20 C.F.R. §§ 404.1594(f)(4), 416.994(b)(5)(iii). Medical improvement is related to the claimant's ability to perform work if it results in an increase in the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1594(b)(3), 416.994(b)(1)(iii). If the medical improvement is related to the claimant's ability to work, the analysis proceeds to the sixth step. Here, the ALJ determined that Plaintiff's medical improvement was related to her ability to perform work because, by July 23,

**MEMORANDUM DECISION AND ORDER - 5**

2021, her CPD impairments (anxiety and depression) no longer met or medically equaled the same listings that were met at the time of the CPD on March 4, 2014. AR 45 (citing 20 C.F.R. §§ 404.1594(c)(3)(i), 416.994(b)(2)(iv)(A)).

If there has been no medical improvement at step three (or a medical improvement at step three that was not related to the claimant's ability to perform work at step four), the fifth step considers whether the case meets any of the special exceptions to medical improvement for determining that disability has ceased. 20 C.F.R. §§ 404.1594(f)(5), 416.994(b)(5)(iv). There are two groups of exceptions. *See* 20 C.F.R. §§ 404.1594(d) & (e), 416.994(b)(3) & (4). If one of the first-group exceptions applies, the analysis proceeds to the next step; if one of the second-group exceptions applies, the claimant's disability ends; and if no exceptions apply, the claimant's disability continues. Here, because the ALJ concluded at step four that there had been medical improvement related to Plaintiff's ability to work (*supra*), the ALJ proceeded directly to step six.

The sixth step asks the ALJ to determine whether all of the claimant's current impairments in combination are severe – that is, whether they impose more than a minimal limitation on her physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1594(f)(6), 416.994(b)(5)(v). If not, the claimant is no longer disabled; but if so, the analysis proceeds to the next step. Here, the ALJ determined that, since July 23, 2021, Plaintiff continued to have a severe impairment or combination of impairments. AR 45. Specifically, the ALJ determined that Plaintiff's anxiety and depression were severe, but that her right wrist pain and right shoulder injury were not severe. *Id*.

The seventh step requires the ALJ to assess the claimant's RFC based on the current impairments and determine if she can perform her past relevant work. 20 C.F.R. §§ 404.1594(f)(7), 416.994(b)(5)(vi). An individual's RFC is her ability to do physical and mental

**MEMORANDUM DECISION AND ORDER - 6**

work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant possesses the capacity to perform her past relevant work, the claimant's disability has ended. If not, the analysis proceeds to the to the next and final step. Here, the ALJ concluded that, since July 23, 2021, based on the current impairments, Plaintiff:

> has had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is limited to performing simple routine repetitive tasks. She is precluded from work involving production pace or quotas (e.g., as seen on an assembly line). She is limited to performing simple work-related decisions utilizing judgment or dealing with changes in the work setting. She can occasionally tolerate occasional interactions with supervisors, coworkers, and members of the public.

AR 45-49. After doing so, the ALJ proceeded to acknowledge that Plaintiff has no past relevant work. AR 49.

In the eighth and final step, if it has been established that a claimant can no longer perform past relevant work, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1594(f)(8), 416.994(b)(5)(vii). If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled. Here, despite finding that Plaintiff has no past relevant work, he nonetheless concluded that, as of July 23, 2021, she was capable of working full-time as a kitchen helper, housekeeping cleaner, and garment sorter. AR 49-50.

**MEMORANDUM DECISION AND ORDER - 7**

Based on these findings, the ALJ concluded that Plaintiff's disability ended on July 23, 2021, and that she had not become disabled again since that date. AR 50.

**B.   Analysis**

This action was filed on March 21, 2024 (Dkt. 1). On March 22, 2024, the Court issued a Procedural Order (Dkt. 6), which indicated that "the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) govern these proceedings." On March 29, 2024, the Court granted Plaintiff's In Forma Pauperis Application (Dkt. 9).

On May 16, 2024, Defendant timely filed a certified copy of the administrative record (Dkt. 12). Under Rule 6 of the above-referenced Supplemental Rules, the deadline for filing a brief in support of Plaintiff's Complaint was June 17, 2024 (30 days after the filing of the certified copy of the administrative record). Supp. Soc. Sec. Rule 6. Plaintiff neither filed an opening brief nor sought an extension of the June 18, 2024 deadline.

On August 23, 2024, the Court issued an Order to Show Cause, outlining the briefing requirements and stating in relevant part:

> Plaintiff has a duty to prosecute this action, and failure to do so may be grounds for dismissal for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Long v. Astrue*, 416 F. App'x 633, 634 (9th Cir. 2011) (unpublished) (upholding the dismissal of a Social Security appeal for failure to prosecute where the plaintiff had not served summons and did not show cause for his failure to do so).
>
> **ORDER**
>
> Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall file a response by **September 10, 2024** showing cause why Plaintiff has not filed a brief in support of Plaintiff's Complaint by the June 17, 2024 deadline. **Failure to respond to this Order may result in the dismissal of this action without further notice.**

8/23/24 Order to Show Cause at 1-2 (Dkt. 13) (bold and underline in original).

**MEMORANDUM DECISION AND ORDER - 8**

On September 9, 2024, Plaintiff responded (Dkt. 14), indicating that she was not aware of the need to file a brief in support of her Complaint. Plaintiff's response also seemed to indicate the contemporaneous inclusion of an incorporated supporting brief. *Id*. at 1 ("If it would please the court, please take into consideration my following brief.").

On September 10, 2024, the Court issued an Order, accepting Plaintiff's September 9, 2024 response as her supporting brief, instructing Plaintiff to file an amended supporting brief by September 25, 2024, and also stating:

> [T]he Committee Notes under Rule 6 of the above-referenced Supplemental Rules provide that *Plaintiff's brief is to "cit[e] to the parts of the administrative record that support an assertion that the final decision is not supported by substantial evidence or is contrary to law." Given this additional direction,* Plaintiff is permitted leave to file an amended supporting brief on or before September 25, 2024.

9/10/24 Order at 2 (Dkt. 15) (emphasis added).

On September 24, 2024, Plaintiff responded (Dkt. 17). Critically, however, Plaintiff's response includes only subjective commentary on the ALJ's February 15, 2023 decision and does not cite to any specific evidence from the 1,242-page administrative record that could be understood as supportive of her general claim that the ALJ's decision is not supported by substantial evidence.

The Court recognizes that "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Nevertheless, the Court will not address issues that are not argued with any specificity. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 n.2 (9th Cir. 2008) (failure to address the ALJ's findings "with any specificity" in briefing constitutes waiver). By not citing to the parts of the administrative record that support Plaintiffs claim that

**MEMORANDUM DECISION AND ORDER - 9**

the ALJ erred, the Court necessarily struggles to grant the relief Plaintiff now seeks.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving disability.").  At bottom, unsupported allegations that the ALJ committed legal error, or that the ALJ's determination is not supported by substantial evidence, is not enough.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (holding that the Ninth Circuit "has repeatedly admonished that we cannot 'manufacture arguments for appellant'" and will only review "'issues which are argued specifically and distinctly in a party's opening brief'") (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) (further noting: "Judges are not like pigs, hunting for truffles buried in briefs."));  *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable of assessment by the court).

Despite this shortcoming, and aside from merely disagreeing with the ALJ's decision in multiple respects, the Court understands Plaintiff's briefing to generally dispute the ALJ's findings in three substantive respects: (i) the ALJ erred by excluding certain conditions as medically determinable impairments at step two of the sequential process; (ii) the ALJ failed to properly consider whether her understood mental impairments met or medically equaled a listed impairment; and (iii) a June 2023 psychiatric evaluation by Phares Book, Psy.D, confirmed her continued, disabling condition.  *See generally* Pl.'s Brief at 1-4 (Dkt. 17).  None of these arguments supports remand.

    1.    <u>The ALJ Properly Considered Plaintiff's Medically Determinable Impairments</u>

As part of the sequential process, the ALJ determined that, since July 23, 2021, Plaintiff had the following medically determinable impairments: "anxiety, depression, right wrist pain, and a right shoulder injury."  AR 42; *compare with* AR 41 (noting Plaintiff's medically determinable impairments at the time of the CPD as only anxiety and depression).  Plaintiff

**MEMORANDUM DECISION AND ORDER - 10**

argues this list is "not correct or current," responding that (i) she additionally suffers from borderline personality disorder, bi-polar disorder, and autism spectrum disorder; and (ii) "depression is not the correct diagnosis, it is major depressive disorder, severe, recurrent." Pl.'s Brief at 2 (Dkt. 17).

To be medically determinable, an impairment must "result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." *Id*.; *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e, medical signs and laboratory findings."). Objective medical evidence is something more than a claimant's statement of symptoms, a diagnosis, or a medical opinion. *See* 20 C.F.R. §§ 404.1521, 416.921 ("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."). It is instead defined as observable laboratory findings or clinical examination signs. 20 C.F.R. §§ 404.1502(f) & (g), 416.902(f) & (g). Plaintiff's arguments relating to the existence of additional medically determinable impairments – beyond those already identified by the ALJ (*see* AR 42) – fall short of this standard.

Preliminarily, when assessing Plaintiff's mental impairments, the ALJ considered whether they met or medically equaled the criteria of Listing 12.04. Importantly, Listing 12.04 applies to depressive, bipolar, and related disorders including major depressive disorder. 20 C.F.R. Pt. 404, subpt. P, app'x 1§ 12.00(B)(3)(b) ("Examples of disorders that we evaluate in

**MEMORANDUM DECISION AND ORDER - 11**

this category include bipolar disorders (I or II), cyclothymic disorder, major depressive disorder, persistent depressive disorder (dysthymia), and bipolar or depressive disorder due to another medical condition."). In other words, where Plaintiff's criticisms of the ALJ's findings at step two relate to his failure to specifically reference and include Plaintiff's bipolar and major depressive disorders as medically determinable impairments, they are misplaced because those disorders are subsumed within Listing 12.04, which the ALJ analyzed. *See infra*. And in light of Plaintiff's broad objections, it bears repeating that the ALJ not only concluded that Plaintiff's ongoing anxiety and depression remained medically determinable impairments (*see supra*), he also concluded that they continued to be severe. AR 45 ("The claimant's impairments of anxiety and depression cause more than minimal limitation in the claimant's ability to perform basic work activities. The undersigned notes some of the abnormal mental status examination findings, the claimant's subjective complaints, and some of the exacerbations of the claimant's mental health impairments requiring brief hospitalizations during the period at issue.").

In any event, Plaintiff's unsupported claim to additional medically determinable impairments is not persuasive. A claimant's "statement of symptoms" or a mere "diagnosis" is not enough. *Supra*; *see also Ukolov*, 420 F.3d at 1005 ("[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone."). Here, Plaintiff's passing reference to other possible medically determinable impairments reflects only her own self-reported problems. Pl.'s Brief at 2 (Dkt. 17). She points to no endorsement of those conditions, or their associated limitations, from acceptable medical sources in the record. These self-reports, without more, do not establish additional medically determinable impairments. *See, e.g.*, *Belknap v. Astrue*, 364 F. App'x 353, 355 (9th Cir. 2010) (physicians' diagnoses based on claimants' self-reporting – rather than medical signs and laboratory findings – cannot establish medically determinable impairments); *Ukolov*, 420 F.3d at 1006 (portions of treatment records

**MEMORANDUM DECISION AND ORDER - 12**

that are based solely on the claimant's own "perception or description" of his problems do not support a finding of a medically determinable impairment). Regardless, because Plaintiff does not detail any particular limitations that the ALJ failed to address that were attributable to these alleged additional conditions (beyond what the ALJ already considered as part of Plaintiff's RFC attributable to anxiety and depression), the Court "reject[s] any invitation to find that the ALJ failed to account for [them] in some unspecified way." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

Accordingly, the Court finds that substantial evidence supports the ALJ's findings on Plaintiff's medically determinable impairments. Remand is not warranted on this issue.

2. <u>The ALJ Did Not Err in Assessing Whether Plaintiff's Mental Impairments Met or Medically Equaled a Listed Impairment</u>

At step two of the sequential process, the ALJ determined that, since July 23, 2021, Plaintiff's mental impairments no longer met Listing 12.04. AR 42-44. Plaintiff seems to argue that the ALJ did not properly consider whether she met the criteria for this Listing. Pl.'s Brief at 2-3 (Dkt. 17). The Court disagrees.

For an impairment to match Listing 12.04 (depressive, bipolar, and related disorders), "it must meet *all* the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Listing 12.04 consists of three "paragraphs" captioned "A," "B," and "C," which have specified requirements; its mental disorder must satisfy the requirements of both Paragraphs A and B, or the requirements of both Paragraphs A and C. 20 C.F.R. Pt. 404, subpt. P, app'x 1§ 12.00(A)(2). Because the ALJ did not address Listing 12.04's Paragraph A, and instead found Plaintiff failed to satisfy Paragraphs B and C, the Court need not discuss Paragraph A criteria.

**MEMORANDUM DECISION AND ORDER - 13**

To meet Paragraph B criteria under Listing 12.04, a claimant's mental disorder must result in "extreme limitation of one," or "marked limitation of two" of the following four areas of mental functioning: (i) understand, remember, or apply information; (ii) interact with others; (iii) concentrate, persist, or maintain pace; and (iv) adapt or manage oneself. *Id*. at § 12.00(A)(2)(b). "Marked" limitation means "functioning in this area independently, appropriately, effectively and on a sustained basis is seriously limited." *Id*. at § 12.00(F)(2)(d). "Extreme" limitation means "not able to function in this area independently, appropriately, effectively, and on a sustained basis." *Id*. at 12.00F(2)(e). Extreme limitation is the "last point on the scale" and "represents a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(c)(4).

To meet Paragraph C criteria under Listing 12.04, a claimant's mental disorder must be "serious and persistent. 20 C.F.R. Pt. 404, subpt. P, app'x 1§ 12.00(G)(1). To be "serious and persistent," "there must be a medically documented history of the existence of the disorder over a period of at least two years, and evidence that": (i) "[the claimant] rel[ies] on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of your mental disorder"; and (ii) "despite [the claimant's] diminished symptoms and signs, [the claimant has] achieved only marginal adjustment." *Id*. at § 12.00(G)(2)(b) & (c). "'Marginal adjustment' means that [the claimant's] adaptation to the requirements of daily life is fragile; that is, [the claimant has] minimal capacity to adapt to changes in environment or to demands that are not already part of [the claimant's] daily life." *Id*. at § 12.00(G)(2)(c). This is established by evidence that "changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports." *Id*.

**MEMORANDUM DECISION AND ORDER - 14**

Regarding the four Paragraph B criteria, the ALJ found that Plaintiff had moderate limitations. AR 42-49. "Moderate" limitation in an area means "functioning . . . independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, subpt. P, app'x 1§ 12.00(F)(2)(c). The ALJ also found that Plaintiff did not meet the Paragraph C criteria. AR 44 (concluding that, while Plaintiff's mental impairments have persisted for more than two years and was receiving treatment during the period at issue, the evidence failed to show that she has achieved only marginal adjustment).

Plaintiff takes issue with these findings, stating only: "Throughout all three pregnancies, which span several years (08/2018 thru 7/22) at a minimum, medical documentation is kept that point A is fulfilled as well as Point B. That is almost four years, if not more, of how Plaintiff's bipolar has hindered everyday life." Pl.'s Brief at 2 (Dkt. 17). Again, however, Plaintiff's conclusory arguments are not supported by any citations in the record. The Court therefore examines whether the ALJ's conclusions in these regards are supported by substantial evidence.

With respect to Paragraph B criteria, the ALJ considered Plaintiff's general complaints surrounding her difficulty remembering and completing tasks, getting along with others, concentrating, and engaging in activities of daily living and work activity. AR 42-43. But he undercut those claims by repeatedly referencing Plaintiff's daily activities and medical records during the relevant time period:

| **Paragraph B Criteria** | **ALJ's Findings** |
|---|---|
| Understanding, remembering, or applying information | Plaintiff shops in stores, plays with her children, rides her horse, cares for her horses' stables weekly, cares for her husband, cares for pets, prepares simple meals, performs household chores, pays bills, handles a savings account, reads, watches television, engaged in work activity (from June 2021 to |

**MEMORANDUM DECISION AND ORDER - 15**

| | |
|---|---|
| | October 2021), plays video games with her husband "every night," and helps her mother "do things" during the period under consideration.<br><br>Plaintiff is able to provide information about her health, describe her prior work history, and respond to questions from medical providers during the period at issue.<br><br>The majority of Plaintiff's mental status examinations found her to have a grossly intact memory during the period under review |
| Interacting with others | Plaintiff is able to live with others, attend medical appointments, shop in stores, play with her children, care for her husband, walk to get around, go to her local park, try to make new friends, engage in work activity, and help others.<br><br>The medical evidence shows that Plaintiff had a good rapport with providers and was described as pleasant and cooperative during the period under review. |
| Concentrating, persisting, or maintaining pace | Plaintiff can shop in stores, play with her children, go to a horse stable, ride her horse, care for her horses' stable weekly, care for her husband, care for her pets, prepare simple meals, perform household chores, walk to get around, pay bills, handle a savings account, read, watch television, go to her local park, try to make new friends, engage in work activity, play video games with her husband "every night," and help others.<br><br>The majority of Plaintiff's mental status examinations found her to be alert, oriented, and attentive, with normal attention span and normal concentration during the period under consideration. |
| Adapting or managing oneself | Plaintiff is able to live with others, shop in stores, play with her children, ride her horse, care for her horses' stable weekly, care for her husband, care for pets, prepare simple meals, |

**MEMORANDUM DECISION AND ORDER - 16**

|  | perform household chores, walk to get around, pay bills, handle a savings account, read, watch television, go to her local park, try to make new friends, engage in work activity, play video games with her husband "every night," and help others. |
|---|---|
|  | The objective evidence in the record showed the claimant to have appropriate grooming and hygiene with instances of a normal mood and affect during the period under consideration. |

*Id*. (citing AR 77-89, 350-58, 572, 574, 580-93, 608-45, 655, 658-70, 673, 679-99, 704-1208, 1210-35); *see also* AR 45-49.  In light of these findings, the ALJ concluded that Plaintiff's activities of daily living and the normal mental status examination findings were inconsistent with more than moderate limitations in these areas of mental functioning.  AR 42-44.  Thus, because Plaintiff's mental impairments did not cause at least one "extreme" limitation or two "marked " limitations in the prescribed areas of mental functioning, the ALJ concluded that Listing 12.04's Paragraph B criteria were not met.  *Id*.

With respect to Paragraph C criteria, these same findings also informed whether Plaintiff achieved only marginal adjustment.  The ALJ concluded she did not, but instead, achieved something more.  AR 44 (before citing Plaintiff's activities of daily living (*supra*), stating: "On the contrary, it is clear from the record that the claimant was able to . . . .").  The ALJ therefore concluded that Listing 12.04's Paragraph C requirement were not met as well.  *Id*.  Absent satisfaction of Listing 12.04's Paragraphs B and C criteria, the ALJ determined that Plaintiff's depression no longer met or equaled a qualifying, listed impairment, which, in turn, highlighted a corresponding medical improvement.  AR-42-45.[1]

---

[1] Any failure to separately consider Listing 12.06 (anxiety and obsessive-compulsive disorders) is harmless because the requirements to meet Listing 12.06 overlap with the

**MEMORANDUM DECISION AND ORDER - 17**

Ultimately, listing criteria are demanding and stringent, with the burden of proof resting with the claimant. That burden is to provide and identify medical signs and laboratory findings that support all criteria for an impairment determination. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (ALJ did not err in failing to discuss the combined effects of the claimant's impairments, or compare them to any listing, where the claimant offered no theory or evidence showing that his impairments equaled a listed impairment). "[W]hen a claimant fails, courts must conclude that substantial evidence supports the ALJ's findings that Listings-level impairments are not present." *Washington v. Barnhart*, 413 F. Supp. 2d 784, 793 (E.D. Tex 2006) (citing *Selders v. Sullivan*, 914 F.2d 614, 620 (5th Cir. 1990)).

In this case, there is no question that Plaintiff suffers from impairments – acknowledged by the ALJ as severe – that no doubt impact her ability to work. However, it is not enough to say, as Plaintiff does here, that "medical documentation is kept that point A is fulfilled as well as Point B." Pl.'s Brief at 2 (Dkt. 17). More is needed. While Plaintiff may dispute the ALJ's findings, they were not given in a vacuum, nor were they disconnected from the surrounding medical record and balance of briefing.

In the role of reviewing the decision of the ALJ, on the record/briefing now before the Court, the Court's role is not to resolve any conflicting opinions and ultimately decide whether Plaintiff is (or continues to be) disabled as that term is used within the Social Security regulations. Rather, the Court reviews the ALJ's decision so as to be certain that the ALJ's decision that Plaintiff was no longer disabled is supported by the record. Here, the ALJ offered

---

requirements of Listing 12.04. *Compare* 20 C.F.R. Pt. 404, subpt. P, app'x 1§ 12.04, *with* 20 C.F.R. Pt. 404, subpt. P, app'x 1 § 12.06; *see also Jiminez v. Comm'r of Soc. Sec. Admin.*, 413 F. supp. 3d 993, 999 (D. Ariz. 2019) ("The ALJ's failure to explicitly discuss whether Plaintiff's impairments meet or equal Listing 12.07 was error. The court concludes, however, that such error was harmless because the requirements to meet Listing 12.07 are identical to the requirements of Listings 12.02, 12.04, 12.06.").

**MEMORANDUM DECISION AND ORDER - 18**

enough reasons for finding that Petitioner's impairments did not meet or equal a listed impairment. Because the evidence is sufficient to support the ALJ's conclusion in this respect, the Court will not substitute its judgment for that of the ALJ. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."). Remand is not warranted on this issue.

       3.       <u>The ALJ Did Not Err in Not Considering Dr. Book's Psychiatric Evaluation</u>

Plaintiff asks the Court to "fully review the most current Psychiatric Evaluation given by Phares Book, Psy.D," presumably to counter the ALJ's conclusion that Plaintiff has not been disabled since June 23, 2021. Pl.'s Brief at 4 (Dkt. 17). But according to Plaintiff, Dr. Book conducted his evaluation in June – approximately four months after the ALJ issued his decision on February 15, 2023. *Id*. at 1; *see also* AR 39-40 (ALJ discussing post-hearing process for submitting additional statements and records or requesting a supplemental hearing, but that Plaintiff never responded to notifications). The ALJ cannot consider an evaluation that did not exist when the ALJ issued his decision. Moreover, the evidence timely received and considered by the Appeals Council does not appear to have included a June 2023 evaluation from Dr. Book. AR 1-5 (referencing the additional evidence received and considered by the Appeals Council). Given this state of the record, remand is not warranted on this issue.

## IV. <u>CONCLUSION</u>

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. The ALJ has provided reasonable and rational support for his conclusions, even if such evidence is susceptible to a different interpretation. Accordingly, the ALJ's decisions as to Plaintiff's disability claim were based upon proper legal standards and supported by substantial evidence.

The Commissioner's decision is affirmed and Plaintiff's "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" (Dkt. 1) is denied.

## V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, that Plaintiff's "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" (Dkt. 1) is DENIED, and this action is DISMISSED in its entirety, with prejudice.



DATED:  March 9, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge